UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHIKENNA D. JONES

                                      CIVIL ACTION

VERSUS

                                      NUMBER 12-360-BAJ-SCR

ENHANCED RECOVERY COMPANY, LLC


**NOTICE**

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Baton Rouge, Louisiana, March 4, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHIKENNA D. JONES

                                                         CIVIL ACTION

VERSUS

                                                NUMBER 12-360-BAJ-SCR

ENHANCED RECOVERY COMPANY, LLC

## MAGISTRATE JUDGE'S REPORT

A review of the record showed that the defendant was served on July 12, 2012.  Although the defendant did not file an answer or otherwise make an appearance, the plaintiff did not seek entry of a default as provided by Rule 55(a), Fed.R.Civ.P.  This case was assigned for a scheduling conference on October 4, 2012, and the plaintiff was to file a status report by September 20, 2012.[1] Plaintiff failed to file the status report, did not appear for the scheduling conference or contact the court about her appearance at the scheduling conference,[2] and the scheduling conference was canceled.[3]  Plaintiff has not taken any action to prosecute her case since it was filed on June 18, 2012.

---

[1] Record document number 6.

[2] The court takes judicial notice of the Order to Surrender issued in *USA v. Chikenna D. Jones,* requiring that she surrender to the Attorney General by reporting to the designated facility of the Bureau of Prisons on September 10, 2012 to begin serving the sentence imposed.  See CR 10-104 and CR 11-9, record document number 259.

[3] Record document number 7.

2

Since the plaintiff's complaint is subject to dismissal for failure to prosecute as provided by Rule 41(b), Fed.R.Civ.P., and Local Rule 41.2.C., she was ordered to show cause, in writing, on March 1, 2013 why her complaint should not be dismissed pursuant to Rule 41(b) and Local Rule 41.2.C., for failure to prosecute.[4]  A written response to the order had to be filed by March 1, 2013. The show cause order included this warning:  **"Failure to comply with this order may result in dismissal of the complaint without further notice."**  Plaintiff failed to file any response to the show cause order.

Imposition of sanctions less than dismissal has been considered.  Imposition of a monetary sanction would be ineffective.  Plaintiff is proceeding in forma pauperis, and is also incarcerated.  It is highly unlikely that she could or would pay any monetary sanction.  Because she proceeding pro se, her failure to prosecute is caused entirely by her.  A conditional dismissal is not likely to be an effective sanction either.  Since the plaintiff already failed to respond to a show cause order - which included an explicit warning that her case may be dismissed - it is unlikely she would take any action in response to a

---

[4] Record document number 13.  Plaintiff has not provided the court with a mailing address different from the one on her Complaint.  Mail sent by the clerk of court to the plaintiff at her address on the docket sheet has not been returned.  The court has no reason to believe that the plaintiff failed to receive notice of the Order to Show Cause.

conditional dismissal order.   It is apparent that the plaintiff has lost interest in prosecuting her case.[5]  Plaintiff's complete and unexplained failure to take any action in this case since shortly after it was filed supports finding that any sanction less than dismissal will not cause the plaintiff to diligently prosecute her case and would not serve the interests of justice.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to Rule 41(b) and Local Rule  41.2.C., for failure to prosecute.

Baton Rouge, Louisiana, March 4, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] This conclusion is further supported by the fact that she has similarly failed to prosecute another case she filed in this court on the same date, *Chikenna D. Jones v. CBCINNOVIS, Inc.*, CV 12-0361-JJB-SCR. An Order to Show Cause was also issued in that case, and a Magistrate Judge's Report has been issued recommending that it also be dismissed for failure to prosecute.